

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| SHAMIKA M. THOMAS, | ) | No. ED107978 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Ted House |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: April 21, 2020 |

## Introduction

Shamika M. Thomas ("Thomas") appeals from the judgment of the motion court denying her Rule 24.035[1] motion for post-conviction relief. Because Thomas absconded for over twenty months across two separate incidents, we dismiss the appeal pursuant to the escape rule.

## Factual and Procedural History

The State charged Thomas with one count of stealing property valued between $500 and $25,000 arising out of an incident in which Thomas stole baby formula from a Walmart. In July 2013, Thomas pleaded guilty to stealing in exchange for the State recommending Thomas receive a five-year suspended sentence with five years of supervised probation. The plea court accepted Thomas's plea and sentenced Thomas to a five-year suspended sentence with five years of supervised probation.

---

[1] All Rule references are to Mo. R. Crim. P. (2018).

In August 2014, a probation violation report was filed. The court issued a capias warrant. Eight months later, in April 2015, the capias warrant was served on Thomas. In June 2015, the court ordered Thomas to 120 days in jail, which Thomas began to serve and then completed early in August 2015 upon motion of the State.

Subsequently, probation violation reports were filed in October 2015, November 2015, January 2016, and August 2016. These violations included, among other things, Thomas failing to report following her early release from jail and failing to reside at her address on file with her probation officer.

In August 2016, the court issued another capias warrant and suspended Thomas's probation. The court scheduled a probation status hearing for September 2016. Thomas failed to appear at the probation status hearing. One year later, in September 2017, the capias warrant was served on Thomas.

In March 2018, the court held a probation revocation hearing, at which Thomas appeared. The State called Brian McKay, a probation officer assigned to Thomas's case who testified as to the timing and nature of Thomas's probation violations. Following evidence, the court found that Thomas had violated her probation, specifically finding multiple reporting violations. The court revoked Thomas's probation and ordered that Thomas's sentence be executed.

In July 2018, Thomas filed a pro se Rule 24.035 motion for post-conviction relief. In April 2019, Thomas filed an amended motion. The amended motion contained only one claim, which alleged Thomas's sentence was unlawfully excessive.

The motion court dismissed Thomas's motion. Thomas now appeals.

<u>Point on Appeal</u>

In her sole point on appeal, Thomas alleges the motion court clearly erred in denying her

Rule 24.035 motion for post-conviction relief because her sentence exceeded the maximum length authorized by law.

## Discussion

The State proposes that this Court apply the escape rule to this case and dismiss Thomas's appeal. This Court may invoke the escape rule "to protect the orderly and efficient use of its resources." Conn v. State, 590 S.W.3d 887, 889 (Mo. App. E.D. 2019) (quoting State v. Troupe, 891 S.W.2d 808, 811 (Mo. banc 1995)). Application of the escape rule "den[ies] the right of appeal to a criminal defendant who escapes justice." Id. (internal quotation omitted). We may apply the escape rule in post-conviction cases, and we can do so even if the motion court did not apply the escape rule. Wartenbe v. State, 583 S.W.3d 115, 121 (Mo. App. E.D. 2019) (internal citation omitted). Application of the rule requires that the escape caused some prejudice to the criminal justice system. Troupe, 891 S.W.2d at 811. "However, once it is established that the escape resulted in prejudice, the ultimate decision to apply the escape rule is discretionary." Conn, 590 S.W.3d at 889 (citing Wartenbe, 583 S.W.3d at 121).

Approximately eight months passed between the issuance of the first capias warrant and its service, resulting in Thomas being jailed. Notwithstanding Thomas's first absconding resulting in her confinement, Thomas absconded again, with approximately thirteen months passing between the issuance of the second capias warrant and its service. Thomas necessarily prejudiced the criminal justice system by delaying proceedings approximately twenty months. See Conn, 590 S.W.3d at 890 (citing Troupe, 891 S.W.2d at 811) (holding that a delay of approximately twenty months is necessarily prejudicial, and citing Troupe for the proposition that a delay of only eight-plus months is necessarily prejudicial).

We exercise our discretion to apply the escape rule, finding it warranted in this case. First, as just discussed, Thomas caused a significant prejudicial delay. See id. Second, Thomas

reportedly violated her probation at least five times, with some of those reports containing multiple violations. See Wartenbe, 583 S.W.3d 115, 123 (internal citations omitted) ("This Court repeatedly has found that absconding after violating the terms of probation demonstrates the requisite contempt for the judicial process justifying dismissal of the absconder's claim under the escape rule."). Finally, Thomas absconded not once, but twice, with the second escape occurring after she had already been jailed for the first. "Those who seek the protection of this legal system must . . . be willing to abide by its rules and decisions." Troupe, 891 S.W.2d at 810 (internal quotation omitted). Given the facts of this case, we would only embolden disregard for the judicial system if we did not apply the escape rule here.

Thomas's multiple escapes demonstrated significant disrespect for our judicial system and adversely impacted the criminal justice system. Accordingly, we deny Thomas's appeal without reaching its substantive merits. See Troupe, 891 S.W.2d at 811.

<u>Conclusion</u>

The appeal is dismissed.

_____
KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

4